IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE TRIIBE®, INC., an Illinois Corporation, | ) |
| Plaintiff, | ) Civil Action No.: |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ONE TRIBE, LLC, an Illinois Corporation, and CHRISTOPHER MORRIS, an individual, | ) |
| Defendants. | ) |

**COMPLAINT FOR FEDERAL SERVICE MARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT; AND COMMON LAW SERVICE MARK INFRINGEMENT**

Plaintiff, THE TRIIBE®, INC. ("TRiiBE"), by and through its attorneys, EM3, LLP, for its complaint against ONE TRIBE, LLC and CHRISTOPHER MORRIS alleges as follows:

**NATURE OF THE ACTION**

1. This action is brought because Defendants have refused to cease their misappropriation of TRiiBE's federally registered service mark for use with Defendants' services, in an intentional effort to trade off of the valuable goodwill that TRiiBE has built up in its mark. Defendants' unauthorized and infringing use of TRiiBE's service marks is likely to cause confusion, harm the public, and damage TRiiBE's valuable rights.

2. Therefore, to address these concerns, TRiiBE brings this civil action seeking damages and injunctive relief for willful service mark infringement and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051 *et seq*. (the "Lanham Act"), Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq*. and Illinois common law.

{00025779 Ver.3}

## THE PARTIES

3. TRiiBE is an Illinois corporation with its principal place of business in Chicago, Illinois.

4. Upon information and belief, Defendant One Tribe, LLC ("One Tribe") is an Illinois limited liability corporation with two members who are both domiciled in Chicago, IL.

5. Upon information and belief, Defendant Christopher Morris ("Morris") is also domiciled in Chicago, IL. Morris owns One Tribe and has at all times directed and controlled the complained of activities by One Tribe.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over TRiiBE's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. TRiiBE's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 et seq. This Court has supplemental jurisdiction over TRiiBE's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Personal jurisdiction over Defendants is proper because One Tribe is a limited liability corporation organized under the laws of the State of Illinois, and Morris, on information and belief, resides in the State of Illinois, and because Defendants conduct business from their principal place of business, which is in the State of Illinois.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside within this District, as Defendants are subject to the Court's personal jurisdiction with respect to this action, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

9. Upon information and belief, the Defendants are subject to this Court's specific and general jurisdiction due to at least their substantial business in the forum. This business includes: (i) at least a portion of the acts complained; (ii) regularly conducting or soliciting business, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; and (iii) directly targeting consumers in the United States, including Illinois, by promoting its entertainment and restaurant services on the world wide web using infringing versions of Plaintiff's service marks. Each of the Defendants has targeted sales from Illinois residents by operating a nightclub and restaurant in the state of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## GENERAL ALLEGATIONS

**TRIIBE'S SERVICE MARK**

10. TRiiBE fosters a social movement and provides a public platform dedicated to recognizing, uplifting, and celebrating the Black Chicago community through a variety of media and entertainment programs and services.

11. TRiiBE owns the federally registered service mark THE TRIIBE, Registration No. 6415131. TRiiBE has been using the mark in commerce since at least February 15, 2017 in connection with the following goods and services:

> Distribution of television programs featuring news for others to cable television systems; providing current event news via a global computer network; production of films; publication of the editorial content of sites accessible via a global computer network; entertainment services, namely, displaying a series of films; entertainment services, namely, producing and arranging for ticket reservations for educational events, social events and live entertainment and performance events; providing information in the field of entertainment; providing a website featuring information about entertainment ticket reservation.

12. The service mark registration for the THE TRIIBE service mark is valid, subsisting, and in full force under 15 U.S.C. § 1065. The service mark registration constitutes prima facie evidence of validity and of TRiiBE's exclusive right to use the THE TRIIBE service mark pursuant to 15 U.S.C. § 1057(b).

13. Since its inception in 2017, TRiiBE has become a leading organization for providing events, news, tickets, and television and film information to the Black Chicago community.

14. As a result of TRiiBE's use of the mark and the high quality of TRiiBE's services, THE TRIIBE service mark has become widely known throughout Chicago and the United States (via TRiiBE's robust digital footprint and online community), and has incurred substantial, valuable goodwill.

15. Accordingly, TRiiBE enjoys extensive common law service mark rights in the THE TRIIBE service mark. TRiiBE's' federal registration, collectively with the common law service mark rights in the THE TRIIBE service mark, are hereinafter referred to as the "TRIIBE Mark".

16. The TRIIBE Mark is a valuable asset owned by TRiiBE.

17. TRiiBE is the exclusive owner of the TRIIBE Mark and all the related business and goodwill throughout the United States.

18. TRiiBE has expended more than $150,000 dollars and significant effort to advertise and promote TRiiBE's services bearing the TRIIBE Mark. As a result, the TRIIBE Mark has acquired strong secondary meaning signifying TRiiBE.

19. Because the TRIIBE Mark is a strong and distinctive mark, the public recognizes it as a brand indicator of, and inextricably associated with, TRiiBE's services.

**THE PARTIES' PRIOR RELATIONSHIP**

20. Three colleagues founded TRiiBE on February 15, 2017. Soon after incorporating on March 1, 2017, they began hosting a community outreach event called TRiiBE Tuesday at M Lounge in Chicago.

21. At the time, Morris owned and operated a nightclub in Chicago called Refuge Chicago.

22. On May 10, 2017, Morris contacted TRiiBE about hosting TRiiBE Tuesday at Refuge Chicago.

23. On June 27, 2017, a TRiiBE contributor reported on an event at Refuge Chicago called Refuge Live! TRiiBE published the multimedia article on www.thetriibe.com and promoted it on TRiiBE's social media pages.

24. At the time, TRiiBE was looking for a new venue to host its monthly TRiiBE Tuesday event. A DJ that worked for both TRiiBE and Refuge connected Johnson and Morris. Subsequently, the parties entered into a written agreement to host TRiiBE Tuesday, TRiiBE's signature event, at Refuge monthly.

25. TRiiBE hosted its first TRIIBE Tuesday event at Refuge on August 1, 2017. The event flyer prominently displayed TRiiBE's brand name and service mark. The events were free to the public and TRiiBE and Morris agreed to a compensation plan for both of their companies.

26. The parties continued to work together to bring TRiiBE Tuesdays to the Refuge through May 1, 2018. Each month, promotional materials made it clear that the events were produced under TRiiBE's TRiiBE Mark.

27. Johnson learned that Morris planned to open a venue and promote events using the confusingly similar "Tribe" brand on January 17, 2022, when Morris, invited Johnson to the

grand opening of Tribe. Morris acknowledged that his brand Tribe and the TRiiBE Mark were "damn near namesakes," and stated that he would "love for [them] to find a way to work together."

**DEFENDANTS' WRONGFUL ACTS**

28. Defendants own and operate a venue called Tribe that claims to provide live music entertainment for the Black Chicago community.

29. Rather than develop their own brand name for their services, Defendants have chosen to market their entertainment services using TRiiBE's brand name, without authorization or license. Some examples include Tribe Chicago, www.tribe-chicago.com, and Tribe, as shown below:



<https://tribe-chicago.com/story-1, last visited 5/12/2022>.

30. On February 1, 2022, in advance of Defendants opening its venue, TRiiBE's counsel wrote to Defendants detailing TRiiBE's rights in the TRiiBE Mark and demanding that Defendants stop promoting its services bearing the Tribe Chicago or Tribe marks. TRiiBE also requested that Defendants stop using the domain www.tribe-chicago.com. Defendants did not

substantively respond to TRiiBE's counsel's letter and continued with its planned opening using Tribe Chicago, Tribe, and www.tribe-chicago.com.

31. Upon information and belief, Defendants adopted and use Tribe Chicago, tribe-chicago.com, and Tribe with full knowledge of, and in willful disregard of TRiiBE's intellectual property rights, and with the intent to take advantage of the good will that TRiiBE has developed in the TRiiBE Mark.

32. TRiiBE's counsel again wrote to Defendants on February 24, 2022, detailing TRiiBE's rights in the TRiiBE Mark and demanding that Defendants stop using Tribe and/or Tribe Chicago and www.tribe-chicago.com. Defendants did not substantively respond, and still promote their services using Tribe or Tribe Chicago on their website and in emails like the one below sent[i] to subscribers on April 28, 2022.



33. Defendants sent the email above to subscribers while TRiiBE published the following article about Chance the Rapper on TRiiBE's website:



<https://thetriibe.com/2022/04/chance-the-rapper-is-ready-to-take-his-next-creative-risk/, last visited on 5/12/2022>.

34. Defendants' simultaneous promotion of Chance the Rapper using a confusingly similar mark is they type of overlap that will lead to actual confusion as to the source of origin for TRiiBE's customers.

35. There are other instances of actual confusion between Defendants' use of Tribe and Plaintiff's us of the TRiiBE Mark. For example,

   a. one TRiiBE supporter bought a ticket to a Tribe event called, "Chicago Does the Met," and encouraged friends to support it, thinking that proceeds would reach The TRiiBE. When she discovered that the Tribe event was not, in fact, sponsored by Plaintiff, she did not attend the event, because she "couldn't bring herself" to support the infringers.

   b. Another attendee of the Defendants' "Chicago Does the Met," event tagged @thetriibechicago, which is TRiiBE's Instagram name.

   c. One of Johnson's close family members and TRiiBE supporter asked Johnson about her affiliation with the Tribe Supper Club owned by Defendants.

    d.  A promoting partner for a Tribe Supper Club event tagged @thetriibechicago, thereby directing his followers to The TRiiBE instead of Defendant One Tribe.

## FIRST CLAIM FOR RELIEF
### Federal Service Mark Infringement (15 U.S.C. § 1114)

36.    TRiiBE realleges the allegations of the preceding paragraphs as if fully set forth herein.

37.    Defendants' promotion, marketing, and advertising of entertainment services under the Tribe brand has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' services by Plaintiff in violation of 15 U.S.C. § 1114.

38.    Upon information and belief, Defendants adopted and use the TRiiBE Mark with full knowledge of, and in willful disregard of TRiiBE's rights in its service mark, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. § 1117.

39.    TRiiBE has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

40.    Defendants' acts also are greatly and irreparably damaging to TRiiBE and will continue to damage TRiiBE unless enjoined by the Court such that TRiiBE is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition (15 U.S.C. § 1125)

41.    TRiiBE realleges the allegations of the preceding paragraphs as if fully set forth herein.

42. The Tribe Mark is distinctive, either inherently or through acquired distinctiveness, and famous because it is widely recognized by the general consuming public of the United States as a designation of source of TRiiBE's services.

43. Defendants' unauthorized use of the "Tribe Chicago," "Tribe," and www.tribe-chicago.com names, which are confusingly similar to TRiiBE's Mark, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are offered or distributed by TRiiBE, or are affiliated, associated or connected with TRiiBE, or as to the origin, sponsorship or approval of Defendants' services in violation of 15 U.S.C. § 1125.

44. After the TRiiBE Mark became famous, Defendants commenced the use of the infringing "Tribe Chicago," "Tribe," and www.tribe-chicago.com names in commerce, which are likely to cause dilution by blurring or dilution by tarnishment of the TRiiBE Mark.

45. Defendants' unauthorized use of the infringing "Tribe Chicago," "Tribe," and www.tribe-chicago.com names impair the distinctiveness of the TRiiBE Mark.

46. The similarity between Defendants' use of the infringing "Tribe Chicago," "Tribe," and www.tribe-chicago.com names and the TRiiBE Mark harms the reputation of the TRiiBE Mark.

47. Defendants had actual notice prior to its adoption and use of the infringing "Tribe Chicago," "Tribe," and www.tribe-chicago.com names in conjunction with its entertainment services.

48. Defendants' actions have caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to TRiiBE, for which TRiiBE has no adequate remedy at law.

49. Defendants' aforementioned actions constitute willful and intentional infringement of TRiiBE's rights in the TRiiBE Mark and to trade on the goodwill associated with the TRiiBE Mark. Thus, a finding of an exceptional case within the meaning of 15 U.S.C. § 1117 is warranted.

50. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TRiiBE Mark thus entitling TRiiBE to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.

### THIRD CLAIM FOR RELIEF
**Violation of Illinois Trademark Registration and Protection Act (765 ILCS §§ 1036/1, *et seq.*)**

51. TRiiBE realleges the allegations of the preceding paragraphs as if fully set forth herein.

52. Defendants' use of the infringing "Tribe Chicago," "Tribe," and www.tribe-chicago.com names constitutes a reproduction, counterfeiting, copy or colorable imitation of advertisements of TRiiBE using the TRiiBE Mark intended to be used in connection with the sale or other distribution in the State of Illinois of TRiiBE's services.

53. Defendants' unauthorized commercial use of the infringing "Tribe Chicago," "Tribe," and www.tribe-chicago.com names has caused a dilution of the distinctive quality of the TRiiBE Mark.

54. Defendants use of the infringing "Tribe Chicago," "Tribe," and www.tribe-chicago.com names was committed with knowledge that imitation of TRiiBE's Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

55. As a direct and proximate result of Defendants' conduct, TRiiBE has sustained substantial damages.

56. The unauthorized use by Defendants of the TRiiBE Mark is causing and is likely to cause substantial injury to the public and to TRiiBE, and TRiiBE has no adequate remedy at law for this injury. TRiiBE is entitled to injunctive relief, treble damages, and an award of costs and treble the amount of its reasonable attorney's fees under 815 ILCS § 1036/70.

### FOURTH CLAIM FOR RELIEF
**Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1, *et seq.*)**

57. TRiiBE realleges the allegations of the preceding paragraphs as if fully set forth herein.

58. Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by:

   a. causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' services;

   b. causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with, or certification by TRiiBE in relation to Defendants' services; and/or

   c. engaging in other conduct which similarly creates a likelihood or confusion or misunderstanding relative to TRiiBE's services.

59. As a direct and proximate result of Defendants' conduct, TRiiBE has sustained substantial damages.

60. The unauthorized use by Defendants of the TRiiBE Mark is causing and is likely to cause substantial injury to the public and to TRiiBE, and TRiiBE has no adequate remedy at

law for this injury. TRiiBE is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

### FIFTH CLAIM FOR RELIEF
### Service Mark Infringement under Illinois Common Law

61. TRiiBE realleges the allegations of the preceding paragraphs as if fully set forth herein.

62. The TRiiBE Mark is a protectable service mark in that it is not arbitrary or highly suggestive and is therefore inherently distinctive. Additionally, as a result of TRiiBE's significant use of the TRiiBE Mark, it has acquired distinctiveness and secondary meaning.

63. Defendants' unauthorized use of the "Tribe Chicago," "Tribe," and www.tribe-chicago.com names, which is confusingly similar to the TRiiBE, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are manufactured or distributed by TRiiBE or are associated or connected with TRiiBE.

64. Defendants' actions constitute willful and intentional infringement of TRiiBE's rights in the TRiiBE Mark in violation of Illinois common law.

65. Defendants' actions have caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to TRiiBE, for which TRiiBE has no adequate remedy at law.

66. Defendants had actual notice of TRiiBE's mark prior to its adoption and use of the infringing "Tribe" name in conjunction with entertainment services.

67. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TRiiBE Mark thus entitling TRiiBE to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### Unfair Competition Under Illinois Common Law

68. TRiiBE realleges the allegations of the preceding paragraphs as if fully set forth herein.

69. Defendants' acts constitute common law service mark infringement in violation of the common law of the state of Illinois.

70. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

71. Defendants' acts are greatly and irreparably damaging to TRiiBE and will continue to damage TRiiBE unless enjoined by the Court such that TRiiBE is without an adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment Under Illinois Common Law

72. TRiiBE realleges the allegations of the preceding paragraphs as if fully set forth herein.

73. Defendants are actively engaging in the above-infringing activities knowingly and intentionally for the purpose of trading on the goodwill and reputation of TRiiBE.

74. The aforementioned acts by Defendants constitute unjust enrichment of Defendants at TRiiBE's expense.

75. As a direct and proximate result of Defendants' actions, TRiiBE has been substantially damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, TRiiBE respectfully requests that this Court:

A.      Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; 815 ILCS §§ 510/1, et seq., and Illinois common law, and that such violations were willful and intentional, making this an exceptional case;

B.      Issue a preliminary and permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further service mark infringement, unfair competition, or deceptive business practices, including offering for sale, or selling any services using marks confusingly similar to the TRIIBE Mark;

C.      Require Defendants to immediately deliver to TRiiBE for destruction all advertising and promotional materials bearing or infringing on the TRIIBE Mark pursuant to 15 U.S.C. § 1118;

D.      Require Defendants to immediately cease marketing services described above on their website, www.tribe-chicago.com, and in any other locations on the Internet, including other websites owned or operated by Defendants or any of their affiliates, and any social media platforms owned or operated by Defendants or any of their affiliates;

E.      Order Defendants to account to TRiiBE all profits wrongfully derived by their unlawful conduct and to pay to TRiiBE:

        a.    all monetary actual and/or statutory damages sustained and to be sustained by TRiiBE as a consequence of Defendants' unlawful conduct, including lost

    profits and corrective advertising damages, in an amount to be determined at trial;

b. treble the amount of all profits, gains, and advantages obtained by Defendants from their unlawful conduct;

c. exemplary damages, including treble damages resulting from Defendants' unlawful conduct;

d. pre-judgment interest on all damages; and

e. TRiiBE's costs and disbursements in this action,

f. Treble the amount of TRiiBE's reasonable attorney's fees;

g. Direct that Defendants file with this Court and serve on counsel for TRiiBE within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction; and

h. Order any such other or further relief as the Court may deem just and proper.

i. DEMAND FOR JURY TRIAL Pursuant to Fed. R. Civ. P. 38(b), THE TRIIBE, Inc. respectfully demands a trial by jury of all issues so triable by a jury.

Dated: June 7, 2022

Respectfully submitted,

By: /s/Michelle Ware Skinner
Michelle Ware Skinner
Michael B. Cohen
EM3, LLP
444 W Lake Street, Suite 1700
Chicago, IL 60606
mskinner@em3law.com
mcohen@em3law.com
(312) 803-0378
*Attorneys for Plaintiff THE TRIIBE®, Inc.*

---