IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE TRIIBE, INC., | ) |
|       Plaintiff, | ) |
|   vs. | ) Case No. 22 C 2988 |
| ONE TRIBE, LLC and CHRISTOPHER MORRIS, | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The TRiiBE, Inc. ("TRiiBE"), an Illinois corporation, has sued One Tribe, LLC and Christopher Morris for trademark infringement and related causes of action. TRiiBE owns the federally registered service mark THE TRIIBE, a registration applied for in September 2020 and issued in July 2021. *See* https://tsdr.uspto.gov/#caseNumber=6415131&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last viewed Feb. 25, 2024). TRiiBE registered the mark for use in connection with:

> Distribution of television programs featuring news for others to cable television systems; providing current event news via a global computer network; production of films; publication of the editorial content of sites accessible via a global computer network; entertainment services, namely, displaying a series of films; entertainment services, namely, producing and arranging for ticket reservations for educational events, social events and live entertainment and performance events; providing information in the field of entertainment; providing a website featuring information about entertainment ticket reservation.

*Id.*

TRiiBE alleges that it began its use of the term in 2017, in connection with a community outreach event called TRiiBE Tuesday. Later that year, TRiiBE alleges, Morris contacted it about hosting TRiiBE Tuesday at a nightclub he owned and operated in Chicago. Morris's club, called Refuge Chicago, hosted the events until May 2018.

In 2022, TRiiBE alleges, it learned that Morris planned to open a new event venue called Tribe. TRiiBE's legal counsel wrote to Morris and his company, One Tribe, LLC, contending that their use of this term in connection with the venue, promotion of events, and use of the URL www.tribe-chicago.com would infringe TRiiBE's registered service mark, and they asked the defendants to stop using the term. Defendants declined. TRiiBE then filed this lawsuit, asserting claims under the Lanham Act and Illinois law. Defendants have counterclaimed, seeking a declaratory judgment of noninfringement, as well as cancellation of plaintiff's registration. In the latter counterclaim, defendants allege that "[t]he term 'Tribe' is generic and has [sic] a description of a group or groups of persons." Defs.' Ans. & Countercl. ¶ 18.

One Tribe (a term the Court will use to cover both defendants) have moved for summary judgment on a single issue: they contend THE TRIIBE is not a protectable trademark. Specifically, defendants argue that the term "tribe" is commonly understood to identify a social movement and as such cannot properly function as a trademark.

"Trademark law awards trademark protection to various categories of words, terms, and phrases if consumers rely on those marks to identify and distinguish one company's goods or services from those of others." *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 598 (7th Cir. 2019). "Marks are classified into five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, and

(5) fanciful." *Id*. (citation omitted). As a general rule, suggestive, arbitrary, and fanciful terms are afforded automatic protection; descriptive terms are entitled to protection only if they have developed secondary meaning; and generic terms are not entitled to protection. *Id*.

THE TRIIBE is a federally registered mark, so it is entitled to a presumption that it is not merely descriptive or generic or that, if it is merely descriptive, it has secondary meaning. *See, e.g., Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 424 (7th Cir. 2019). The owner of a registration does not get both of these presumptions; it's one or the other. *See id.* "So where, as here, the Office registers a mark without requiring evidence of secondary meaning, it is presumed to be inherently distinctive." *Id.* (internal quotation marks omitted).

Inherent distinctiveness, however, is not considered in a vacuum; the question is whether the term is distinctive *as used in connection with the goods or services at issue*. *See, e.g.*, Seventh Circuit Civil Jury Instr. 13.1.2.2.1 (requiring consideration of how the particular term is used). Thus the term "apple," though of course not inherently distinctive in and of itself, is appropriately viewed as distinctive when used in connection with electronics products. *See, e.g., America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 820 (4th Cir. 2001). "The farther a would-be mark falls from the heartland of common meaning and usage, the more 'distinctive' the would-be mark can become." *Id.* at 821.

Contrary to the allegation in defendants' counterclaim, THE TRIIBE is not a generic term with respect to the services for which plaintiff uses it. Any contention to the contrary misunderstands what "generic" means in trademark law. "*A generic term is one that is commonly used as the name of a kind of goods [or services].* Unlike a

3

trademark, which identifies the source of a product [or service], a generic term merely specifies the genus of which the particular product [or service] is a species. . . . [A] generic term is one commonly used to denote the product [or service] . . . ." *Liquid Controls Corp. v. Liquid Control Corp.*, 836 F.2d 934, 936 (7th Cir. 1986) (emphasis added). Defendants offer no evidence, and not even any argument, that this is the situation here. Specifically, there is no indication that the terms TRiiBE, tribe, or the tribe are commonly used as the name for any particular type of services or goods. Thus, as a matter of trademark law, the term is not a generic term that can't be trademarked.

      Indeed, defendants do not attempt to fit their argument for summary judgment into the generic-to-fanciful spectrum. Rather, they contend—as the Court has discussed—that the term "tribe" or "the tribe" simply can't be trademarked. The Court notes that the defendants do not cite a single federal court decision to support their argument. Rather, they rely mainly on decisions by the U.S. Trademark Trial and Appeal Board declining registration of certain terms or phrases. A representative example is *In re Mayweather Promotions, LLC*, No. 86753084, 2020 WL 6689736 (T.T.A.B. Oct. 29, 2020), in which the Board noted that "[w]idely used commonplace messages are those that merely convey ordinary, familiar concepts or sentiments and will be understood as conveying the ordinary concept or sentiment normally associated with them, rather than serving any source-indicating function," and thus they are not registrable as trademarks. *Id.* at *1. In declining to register the term "PAST PRESENT FUTURE" in connection with t-shirts, the Board concluded that "the phrase . . . would be perceived by purchasers and prospective purchasers as a widely used commonplace

4

expression of a familiar concept and not as a source indicator for t-shirts." *Id.* at *7. But the defendants have not offered any evidence, and have not come close to establishing, that the term "tribe" or "the tribe," standing alone, is a similarly common "expression of a familiar concept."

Along similar lines, it is likely, for example, that the phrase "Black Lives Matter" could not properly be registered as a trademark. *See* Office Action, U.S. Trademark Applic. No. 87660438 (U.S.P.T.O. Feb. 18, 2018) ("Registration is refused because the applied-for mark "BLACK LIVES MATTER" is a slogan or term that does not function as a trademark or service mark to indicate the source of applicant's goods and/or services and to identify and distinguish them from others. In this case, the applied-for mark is an informational social, political, religious, or similar kind of message that merely conveys support of, admiration for, or affiliation with the ideals conveyed by the message." (internal citations omitted)), *found at* https://tsdr.uspto.gov/documentviewer?caseId=sn87660438&docId=OOA20180208070351&linkId=2#docIndex=1&page=1 (last visited Feb. 25, 2024).[1]

Defendants appear to contend that the term "TRiiBE" cannot be used as a source indicator for reasons similar to this. They argue that the term conveys or identifies a social movement—perhaps confined to Chicago, perhaps not—and is perceived by the relevant public as such. Thus, defendants contend, the term cannot and does not function as an indicator of the source of particular services.

---

[1] There is no general rule, however, that slogans cannot be registered as trademarks—consider "Have it your way," a phrased once trademarked by Burger King—and in any event "THE TRiiBE" is not a slogan.

5

A key problem with defendants' argument, at least for purposes of the present motion for summary judgment, is that its premise is a factual proposition regarding how the phrase "the tribe" or the term "tribe" is supposedly understood.  But the defendants have offered no evidence to support this proposition.  They cite only a brief excerpt of deposition testimony by one of TRiiBE's co-owners, Morgan Johnson.  Specifically, Johnson testified, in response to questions by defendants' counsel, that her company's mission includes "tak[ing] back the narrative" about African-Americans in Chicago, and "reshap[ing] the narrative of Black Chicago in pursuit of truth and liberation."  *See* Defs.' Reply at 3-4.  This misses the mark:  testimony that this is *the company's* mission doesn't tend to establish the proposition that *the term* is not, or cannot appropriately be, perceived as a source identifier for services.  Because this is the only evidence defendants offer, their motion for summary judgment falls short.

## Conclusion

For the reasons stated above, the Court denies defendants' motion for summary judgment [dkt. no. 92].  The parties are directed to promptly confer, in advance of the February 29, 2024 telephonic status hearing, regarding a schedule for completing any remaining discovery, including expert discovery.  They are to be prepared to report to the Court on this at the status hearing.

Date:  February 26, 2024

```
_____
    MATTHEW F. KENNELLY
    United States District Judge
```